# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**ALBERTO RAPOSO,** :

    **Petitioner** :

    **CIVIL ACTION NO. 3:14-0303**

    **v.** :

    **(Judge Mannion)**

**UNITED STATES OF AMERICA,** :

    **Respondent** :

## MEMORANDUM

### I.   Background

Petitioner, Alberto Raposo, an inmate currently confined in the Allenwood Medium Federal Correctional Institution, ("FCI-Allenwood"), White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1, petition). He challenges a conviction and sentence imposed by the United States District Court for the Southern District of New York. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

### II.   Procedural Background

On February 9, 1999, following a jury trial, Raposo was found guilty of one count of Arson, a violation of 18 U.S.C. §844. See USA v. Raposo,

Criminal Action No. 1:98-cr-0185-DAB-1 (USDC SDNY (Foley Square)). On June 8, 1999, he was sentenced to a 524 month term of imprisonment, followed by a five (5) year term of supervised release. Id.

On February 17, 2000, the United States Court of Appeals for the Second Circuit affirmed Raposo's judgment of sentence. Id. No petition for certiorari was filed with the United States Supreme Court. Id.

On June 27, 2001, Raposo filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Id.

By Memorandum and Order dated May 7, 2004, Petitioner's 2255 motion was denied without a hearing. Id.

On July 12, 2004, Raposo appealed the denial of his §2255 motion, which the Court of Appeal for the Second Circuit dismissed on November 10, 2005, for Petitioner's failure to made a substantial showing of the denial of a constitutional right. Id.

On December 11, 2013, Raposo filed with the district court, a pro se petition for a writ of habeas corpus under 28 U.S.C. §2241, challenging his conviction and sentence. Id. By Order of the same date, the district court transferred the action to the United States Court of Appeals for the Second Circuit, as a request to file a second or successive petition. Id.

On January 22, 2014, the United States Court of Appeals for the Second Circuit denied Raposo's request as having failed to satisfy the criteria set forth in 28 U.S.C. §2255(h). See Raposo v. United States, No. 13-cv-7792 (2nd Cir. 2013).

On February 18, 2014, Raposo filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his conviction on various claims that he "is illegally held in prison in violation of the Constitution." (Doc. No. 1, petition).

### III.  **DISCUSSION**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of §2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful §2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make §2255 inadequate or ineffective."). The Petitioner has the burden of proving that § 2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727

(M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Raposo has already filed a motion pursuant to §2255 motion in the United States District Court for the Southern District of New York. Additionally, he has filed a request in the Second Circuit seeking permission to file second or successive §2255 motion, and his request has been denied. The United States Court of Appeals for the Third Circuit has made it clear that simple inability to "meet the stringent gatekeeping requirements" does not permit the Petitioner in a case to proceed under section 2241 in order to avoid those requirements. Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir.2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997). See also United States v. Barrett, 178 F.3d 34, 50 (1st Cir.1999) ("A petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of §2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of §2255 a meaningless gesture."); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive petition is erroneously filed in a district court without the permission of a court of appeals, the district court's

only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631."). As such, in the absence of an order authorizing the filing of this second or successive petition, this Court lacks jurisdiction to entertain it.

### III. **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ―U.S. ―, ―, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

### IV. **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus

will be **DISMISSED**. An appropriate order will follow.

                                                    s/ *Malachy E. Mannion*
                                                    **MALACHY E. MANNION**
                                                    **United States District Judge**

**DATE: February 21, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0303-01.wpd